Mr. Thomas V. Infantino City Attorney City of Inverness 405 A Courthouse Square Inverness, Florida 32650
Dear Mr. Infantino:
This is in response to your request for an Attorney General Opinion on substantially the following question:
 IS A MUNICIPALITY AUTHORIZED TO EMPLOY OR APPOINT AN ASSISTANT CITY ATTORNEY TO SERVE UNDER THE SUPERVISION, DIRECTION AND CONTROL OF THE CITY ATTORNEY WHEN THE MUNICIPAL CHARTER ONLY PRESCRIBES QUALIFICATIONS FOR THE CITY ATTORNEY AND THE ASSISTANT CITY ATTORNEY DOES NOT MEET THE QUALIFICATIONS PRESCRIBED FOR THE CITY ATTORNEY?
According to your letter, the Charter of the City of Inverness provides that the city attorney shall have not less than two years experience in the practice of law. You now serve as the city attorney and have done so for several years. An associate in your firm, who does not have two years experience in the practice of law, occasionally performs tasks regarding your legal services for the city. Recently the Inverness City Council has questioned whether the use of this associate violates these charter provisions regarding years of experience as a practicing attorney required of the city attorney. Therefore, on behalf of the city council you have submitted this question for resolution.
Section 2(b), Art. VIII, State Const., provides in pertinent part that:
 Municipalities shall have governmental, corporate and proprietary powers to enable them to conduct municipal government, perform municipal functions and render municipal services, and may exercise any power for municipal purposes except as otherwise provided by law.
The Florida Supreme Court has stated that this constitutional provision "expressly grants to every municipality in this state authority to conduct municipal government, perform municipal functions, and render municipal services." State v. City of Sunrise, 354 So.2d 1206, 1209 (Fla. 1978). The court stated, in the City of Sunrise case, that the only limitation on the power of municipalities under this constitutional section is that such power must be exercised for a valid municipal purpose. As determined by the court, "[l]egislative statutes are relevant only to determine limitations of authority" and municipalities need no further authorization from the Legislature to conduct municipal government. Supra, at 1209. See also, City of Miami Beach v. Forte Towers, Inc., 305 So.2d 764 (Fla. 1974). Pursuant to s 166.021(1), F.S., municipalities are granted "the governmental, corporate, and proprietary powers to enable them to conduct municipal government, perform municipal functions, and render municipal services, and may exercise any power for municipal purposes, except when expressly prohibited by law."
Section 166.021(3), F.S., prescribes limitations on the subjects which municipal legislation may address and provides that:
 (3) The Legislature recognizes that pursuant to the grant of power set forth in s. 2(b), Art. VIII of the State Constitution, the legislative body of each municipality has the power to enact legislation concerning any subject matter upon which the state Legislature may act, except:
 (a) The subjects of annexation, merger, and exercise of extraterritorial power, which require general or special law pursuant to s. 2(c), Art. VIII of the State Constitution;
(b) Any subject expressly prohibited by the constitution;
 (c) Any subject expressly preempted to state or county government by the constitution or by general law; and
 (d) Any subject preempted to a county pursuant to a county charter adopted under the authority of ss. 1(g), 3, and 6(e), Art. VIII of the State Constitution.
I am aware of no statutory preemption or constitutional prohibition regarding qualifications for municipal attorneys or their assistants who are members of the Florida Bar and therefore, this matter would appear to be an appropriate subject for municipal regulation and legislation by the governing body of the city pursuant to the Municipal Home Rule Powers Act.
Division 2, s 92 of the Inverness Code provides among other things that "[t]he city attorney . . . shall have not less than two (2) years experience as a practicing attorney." These qualifications apply specifically to the city attorney and nothing in this section speaks to any required qualifications to be met by an assistant city attorney serving under the supervision, direction and control of the city attorney prior to employment or appointment by the city council. Therefore, it would appear that an assistant city attorney to serve under the supervision, direction and control of the city attorney could be employed or appointed by the City Council of Inverness if otherwise qualified without regard to the length of experience as a practicing attorney. Parenthetically, I would note that if Division 2, s 92 of the Inverness Code antedates the effective date of the Municipal Home Rule Powers Act, the provisions thereof have become an ordinance, subject to modification or repeal as other ordinances, or, if deemed to be a limitation of power upon the city, have been nullified and repealed pursuant to the provisions of subsections (4) and (5) of s 166.021, F.S., respectively.
In sum, it is my opinion that while qualifications for employment of an assistant city attorney to serve under the supervision, direction and control of the city attorney appear to be an appropriate subject for municipal regulation and legislation by the governing body of the city, no such qualifications are prescribed by the Inverness Code.
Therefore, the Inverness Code provisions regarding length of experience as a practicing attorney for the city attorney would not be violated by the appointment or employment of an attorney without these qualifications as an assistant city attorney to serve under the supervision, direction and control of the city attorney.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General